Before we begin, Judge Stranch and I would like to welcome and thank Judge Laurie Michelson from the Eastern District of Michigan for helping us out today. And please let the clerk know whether you've reserved any rebuttal time and also let us know when you begin. And you can call the first case. Thank you. Case number 154192, United States of America v. Errol King. Oral argument not to exceed 15 minutes per side. Mr. Ray for the appellant. Justices of the Sixth Circuit Court of Appeals, my name is Nathan Ray and I represent the defendant appellant Errol King in the case before the court today. With the court's permission, I would reserve five minutes of my time for rebuttal. In 2000, the U.S. Supreme Court came out with Taylor, U.S. v. Taylor. It then followed that up with U.S. v. Shepard and most recently it came out with U.S. v. DeCamps. Basically what we're looking at and the question before the court today and why I started with those three, because those three look at what information can we use in making a determination and under those cases, specifically those cases dealt with what is a violent felony. What we're dealing with here and what the issue is before the court today is what documents can we use to determine the other occasions portion of 18 U.S.C. section 924. And I talked to, I started out with the three cases that it did, Your Honor, because I will agree with the court that nowhere in those cases does it talk about the other occasions. It deals specifically with violent offense. What is a violent offense? And in those cases, it looks to the question of whether a burglary is a violent offense. What information can we use? And the court is aware, you understand these cases much better than I do, but you start out with Taylor, you have the categorical approach. You look at elements versus elements. What is the elements of the convicting crime versus what is the elements of generic crime? Then you have Shepard and it kind of moves along and you have a modified categorical approach and it allows you to use certain documentations to determine whether or not a conviction for burglary falls within the violent offense. And that works very well for the elements, but what's different about what this court said in the footnote, in Thomas, how else is a district court to get at the separate occasions? What are they supposed to look at? Here's my thought. In the camps, the U.S. Supreme Court had the opportunity, and I'll answer your question in a minute if I could kind of lay a foundation here. In the camps, the U.S. Supreme Court had the opportunity to go beyond the documents set forth in Shepard, the jury instructions and things like that, and look to the factual background of the case itself to make a determination. In that case, the court said, look, we're not going to do that because basically what you're doing is within each trial or within each case, you're creating a mini-trial because if you have a question of whether or not a case falls within or a conviction falls within a violent offense, then you have all of this extraneous information, and of course we're not going to do that. In this case, when we're talking about other occasions, my position is, Your Honor, and I understand it in Thomas in the footnote, it said, look, we need to go beyond the Shepard documents in order to fully explore whether or not an act occurred on other occasions. More a question, how do you do it? I think you do it through the documents as set forth in Shepard, and I think that that's why, and you have Thomas that came out in 2000, you have Shepard that came out in 2004, and I think that this court now needs to look back at what was Shepard. Shepard said, look, you can't go beyond the jury instructions, you can't go beyond the plea agreement, you can't go beyond the indictment, you can't go beyond the transcript of plea colloquy, and then they said the explicit factual findings by the trial judge to which the defendant dissented. So basically what you're looking at is a limited bit of information, and there might be some cases where you don't have sufficient information based upon those documents to make a finding, and so therefore the Armed Care Criminal Act won't apply. But it doesn't mean that you create a mini-trial, is what the scams said, look, we're not going to do for the Violent Offender Act. But there were other concerns, weren't there, in addition to the mini-trials? They don't want to have a long mini-trial seeking information from stale facts, there's no question. But wasn't there also a constitutional concern? There was. There was concern as far as the Sixth Amendment and the Sixth and Fourteenth Amendment. The question becomes, by going beyond the elements, and I think that this is kind of where the courts had gone with the Apprendi issue, by going beyond the elements, and you're looking to the facts of the case, the underlying facts of the case, and basically what you're doing is you're recreating the case, if that's what we decide to do, if that's what this court decides to do, for a district court. And you can't do that, and that's what the court said, we're not going to allow you to recreate a factual background. And that's what the court said you can't do, and that's what they looked at the statute itself, 18 of the case, and if you look at Taylor, Taylor was a very descriptive decision that started with a lengthy discussion of the statute itself, and the background of the statute, and based upon that they came to the decision, we're limiting ourselves, we're limiting the courts to certain recognized documents. What if the Shepard document includes the information? Is it okay then? The little information you mean? I'm sorry. Hypothetical. You've got an indictment that's pretty detailed, and the indictment itself says that on January 13th, at around 4 p.m. at a particular address, the defendant robbed these two victims. That's what the indictment says. And then you have another indictment that says on January 13th, at around 2 o'clock, at a particular address, the defendant did this. And you've got these two indictments, the cases are both tried in state court, and you use, can you use that information from those indictments, those Shepard documents? And the other occasions there, to determine the other occasions? Yes. My reading of the Shepard documents is yes, that's what the court is specifically saying, we're going to allow you to use the indictments to make a determination. But you have to remember in this case, specifically this case, you have three indictments for the robberies. You have two of them that are sequential in number. And if you look at what the courts are concerned with, this is the very exact case, this is the perfect case for this court to make this determination, because you have two indictments, we just talked about, that are sequentially numbered. They're the same judge, they're the same defendants, they're the same dates, they're the same... I'm going to a different issue, and I think this may be what Judge Strange was getting at, that there seems to be a constitutional dimension to this that has to do with having a jury find the facts that are leading to the enhanced sentence. And part of the court's from the fact of conviction that the jury found at least those elements. And that's why we look so closely at the elements of the offense to see if it's the generic form of the offense. But arguably, I don't know, these timing elements, although you need venue and you need notice in the indictment, but the question whether this happened at 224 Blossom Lane or 424 Blossom Lane, it doesn't matter to the conviction. And the question whether it happened on this date or that date or at 2 o'clock or 4 o'clock, it doesn't really matter. The jury would find you guilty either way. You might plead guilty either way. So what I'm getting at is can you even have an adequate Shepherd document, even if it's in the indictment? Are you able to say or does the argument go too far to say that, look, this is not an element of the offense? And so under the court's analysis, you can never have an adequate Shepherd document unless the only way you can conclude there were three different occasions is if they're clearly separated by a year's time where it would be such an extreme variance. And I recognize the court's concern and I understand it. And up front, I pointed out that the three cases I'm talking about started with an elements evaluation. In other words, that's where they started and they ended. I'm suggesting to this court that you cannot go beyond the documents that were set forth. And obviously, the U.S. Supreme Court hasn't ruled on this. So you're kind of left to wonder and decide for yourself at this point in time. But the rationale of the court, of the U.S. Supreme Court, and specifically in this case, where the court said we're not going to go beyond an element-based offense or element-based evaluation, which limits the amount of information we're going to allow in. And that's what you're going to be doing. And I understand that there's a concern, the constitutional concern of going beyond those documents. Well, one way, it could be in the plea colloquy, but we don't know here. Why don't we know here? I'm not sure whether there was a transcript that was obtained in the plea colloquy in this case. This was out of Cuyahoga County, so I don't know. Your Honors, my time is up. There's no questions. I'm sorry. Go ahead if you want. Oh, that's okay. Okay. Do you have any questions? No, thank you. Thank you, Your Honor. Thank you. Good morning, Your Honor, and may it please the court. Matt Cronin for the United States. This court should affirm the district court's determination that the defendant qualified for the armed career criminal enhancement, and it should do so on at least two different grounds. First, under the binding Thomas decision, courts are not limited to Shepard Taylor analysis or Shepard Taylor documents when making the inherently factual different occasions inquiry. Second, even if courts were so limited, the bills of particulars in this case qualify as Shepard Taylor documents under this court's factors laid out in Jones. Now, before proceeding further, I want to deal with two misconceptions that defense counsel brought up, or at least it came up during his argument. The first is whether or not there would be some kind of a Sixth Amendment or Apprendi issue when dealing with the facts attendant to these prior convictions, dealing with different occasions inquiry. This court has already addressed this issue in a binding precedent, a published decision in Bergen, 2004, and there the court said, the determination by district court that prior felony convictions exist and were committed on different occasions are so intimately related that the different occasions requirement of 924E sufficiently comes within the exception in Apprendi for a prior conviction. And it's what it's referring to there is the Amendores-Torres exception to the Apprendi rule. And that, Your Honor... How is it not a violation of Apprendi? And take this case as the perfect example for the court to look at the bill of particulars and make those findings. How is that not a violation of Apprendi? Well, of course, Your Honor, I would direct the court's attention first to the analysis in Bergen.  I would direct the court's attention to a 2009 Supreme Court decision called Nijhawan v. Holder that I cite to in my brief. In that case, a defendant in a different context, an immigration contest, raised the exact same arguments that the defense counsel, the King, raises here. Basically, when a court is making a sentencing judge a factual determination that will result in a statutory enhancement, does the court have to either follow a Shepard-Taylor analysis or, at the very least, be bound to only the Shepard-Taylor documents? And the Supreme Court in that case resoundingly said no to both questions. So for the first issue, whether it's limited to Shepard-Taylor analysis, the court said absolutely not. We designed Shepard-Taylor analysis to look at elements, not facts. I've struggled with the way you categorize that in your briefing because the cases that you're relying on, you call it a Shepard-Taylor analysis, right? But the timing of those cases makes a difference. The cases that you're relying on, many of them come before the Shepard and before then DeCamp that gives us further instruction from the Supreme Court. And that's what Barber, our own Barber published opinion said, that it's appropriate to reconsider the old Thomas footnote from what, was that 1990? I'm sorry, but before, clearly before the Shepard analysis. It seems to me that there is a distinction, an important conceptual distinction between this, the Almendares-Terras exception to Apprende and what the courts are trying to do in the different occasions analysis. What the latter looks to is what can a court feasibly do and what do we want a sentencing court to be doing? And there are clear practical problems that Shepard and DeCamp both address directly with these courts holding many trials to try to figure out stale facts from many years ago. It appears to me that they have made a legal decision that that's an inappropriate activity, both for practical reasons, for time reasons, but also for constitutional reasons. And my read of the other circuits says that they agree with that. How do you respond to the fact that the, by my count, D.C. 4th, 5th, 10th, 11th, 2nd and 4th circuits have all read the different occasions test the way your opponent reads it. Why should we adopt your analysis that so differs from our sister circuits? Well, Your Honor, I think the reason is that the 6th Circuit has got it right. It got it right in Thomas, and it's been following the correct regime for the past 16 years. Your Honor, to try to address the past six, that there's where my problem lies. It's the past 16 years. But the cases that we're looking to, DeCamp and and the Newark and Shepard, these are newer cases, statements by the Supreme Court of what is appropriate and acceptable, both from a constitutional and a practical means. Why doesn't that, as our other sister circuits have said, change our old analysis? Yes, Your Honor, if you'll indulge me for a moment, I think I'll be able to answer your question. Just take a little more than 15 seconds or so. So what this gets to is a fundamental misconception about Shepard-Taylor or the different occasions, the difference between the armed criminal act termination and the two different questions you have to ask. And that's these two different questions are by mandate of Congress. The first is a purely legal question. What are the underlying convictions, i.e. using Shepard-Taylor analysis, are the underlying crimes, the statutes, do they have the elements that qualify for an armed criminal predicate? And again, purely legal question under the most recent case, Mathis, you can't even look at facts within Shepard-Taylor documents to make that decision. It's completely inappropriate. They said you cannot do so. The second question is completely different. A purely factual question. Are there three or more predicates that occurred on occasions different from one another? That's the language from the statute. That question, again, you cannot answer looking at elements of a statute. It's impossible. And so you have to look at are the factors this court laid out in Hill, the time, the place, who are the victims? But isn't the problem with the documents that you're looking to the question of whether the crime actually pled to those facts? You know, if you're looking at the element of a crime, as Judge White said, you know those were proven. You know those were determined either by the jury or by pleading because you must do that to have a conviction. But the things that you want to look to, you don't have to have them for a conviction. The time when this robbery occurred, that's not a key to whether there is a conviction or not. So the question becomes, did a jury find it as a fact or did the defendant admit it? And the documents that you're looking to, we don't have that assurance. Your Honor, those are not the questions that the courts have to answer. And that's clear based upon Almendarez-Torres on Bergen. And I know, Your Honor, you said that there are a number of circuits that are in disagreement about what documents to rely upon. And I'll get to that in a moment if I can. Well, we're in disagreement about whether the Shepard documents are a dividing line upon which the different occasions test turns. Yes, Your Honor. But there is no disagreement in the circuits about whether or not the different occasions inquiry is limited by Apprendi. And that's because the courts have said, including this court in a binding decision in Bergen, that the different occasions inquiry is so part and parcel of the prior conviction that, in fact, the courts are in no way limited by Apprendi when making those inherently factual determinations. You don't have to do that. Now, Your Honor, to get to the whether or not... Where does it say that? Where does the case say that? Oh, in Bergen, I'll quote it, Your Honor. The different occasions requirement of 924E sufficiently comes within the exception in Apprendi for a prior conviction. These are purely factual questions, not a legal question. It's not answering the question of what we can consider to make that determination. Yes, Your Honor. If I can now get to that to that question. And that gets back to the first one, to utilize, for example, a bill of particulars to make that determination. Isn't the sentencing court making findings that should be made by a jury or facts that should be admitted by a defendant? No, Your Honor. And again, if I could go back to 2009 Supreme Court decision, so later than Shepard, Discamps, Mathis, Nijwahan, they all say explicitly that the Shepard-Taylor analysis deals with a legal question, not a factual question. And as defense counsel just admitted of an argument, that is a different line of cases and a different analysis in the factual type. That's based on... No question that what we deal here with is the intersection of two different doctrines. Yes, Your Honor. And if I may, I think the language in Nijwahan could be helpful to this 2009 Supreme Court case. So what, again, the first, the defendant in that case said, if there's a statutory enhancement, the court should have to find sentencing judges, find facts either using Shepard-Taylor analysis or, as this court is now mentioning, just merely Shepard-Taylor documents. And the Supreme Court said there that that is a wholly inappropriate way to determine facts. And here's the quote. Supreme Court said it developed the evidentiary list, the Shepard-Taylor documents, to which Petitioner points for a very different purpose, namely to determine which statutory phrase covered a prior conviction. It then said later on that it would be, as you noted, Your Honor, in the defendant's oral argument, impractical insofar as it requires obtaining from a jury a special verdict on a fact that is not an element of the offense. And so what the court's saying there is, and I did not bring up this as much in my last brief, he was focusing on Shepard-Taylor analysis rather than documents. But now that we're talking about it, what the Supreme Court is saying there is, listen, we made the Shepard-Taylor document list, its evidentiary list, because these are all documents that have to include the elements in them. And they're not going to obliterate the sentencing judge's otherwise plenary authority to determine facts, which is acceptable under Bergen in the different occasions inquiry simply because we use Shepard-Taylor documents to determine elements for the first of two questions in the Armed Career Criminal Act. And Your Honor, besides the fact that there's this analysis, which again is in different context, but applies with equal, if not greater force here, besides Thomas, besides the plain language of the statute, it's also a real equity issue and a fairness issue for defendants. In prior cases in this circuit, including in 2006 in Hill, which is again after Shepard, this court allowed defendants, including the Hill defendant, to testify and present facts to say, listen, these were not on different occasions. These were simultaneous and allowed defendants to put in this type of evidence so that the courts can make a full and complete and accurate decision. This court then, by following King's regime, would be obliterating that right of defendants to put in that type of evidence and would actually be preventing them from providing a full story for a factual determination to the court. Bear in mind, Your Honor, that the Shepard-Taylor analysis, the Supreme Court has been time and again exceedingly clear, is for a legal analysis, not a factual analysis. Sentencing judges day in and day out make factual analysis and factual determinations at sentencing, and they're protected, defendants are protected by various due process concerns and also that a court must find it by a preponderance. But then we get back to the very issue that's before us. What documents are sufficiently assured that that factual determinations can be made based on them? And it seems to me that what the Supreme Court has been telling us is they either either have to be an element of which you are necessarily convicted and necessarily guilty in order to be convicted. That's if you you have a jury trial. And if it's a pleading, it has to be a fact which is necessary to the determination. If you begin to bring in documents that that a defendant had no reason to object to, let's say you're taking a plea and your argument makes a reference to time frame. There's no there's no reason that there would be an objection to that if it is not necessary to the conviction. Yes, Your Honor. And that speaks to exactly why you can't limit a judge only to those documents. What the defendant. You want a plenary trial. No, you want a district judge every time a district judge sentences to say, OK, defendant, come on up here. We're going to have you testify. Then we're going to go back and get the witnesses because I'm not sure you're telling the truth. And then we're going to go back and get all the documents. Doesn't that defeat the whole purpose that DeCamp and Shepard have been created to show that we don't want to engage in that kind of process? Are some people going to get an advantage from that? Some defendants in one case, maybe. Is some defendant in another case going to have a disadvantage? Maybe. But it's a bright line rule. If I may address your question in two parts, Your Honor. First, the Supreme Court has never said that the limitation should be solely on the documents on a factual side. Again and again, Your Honor, just look at the cases. It's a legal analysis. It's what they said in Nijwahan. That's why they said, but you're not going to limit courts to these type of documents. In terms of the practical implications, again, I'm unaware of any courts complaining that they're having many trials in this issue. It comes up rarely. There are seven circuits of our sister circuits that have said that very thing. Well, they have not said an issue of judicial economy, Your Honor. What it seems they did is conflate the two questions. In addition to that, Your Honor, I note there's a bereft of analysis in these. And Dancer even said, listen, we're not even sure how this would work, but it will. If I may, I'm taking a blow on time. The bills, particularly in this case, Your Honor, moreover, would qualify as Shepard-Taylor documents. They're judicial documents filed under oath, submitted in furtherance of prosecution. You see they are binding legal admission by the government. They contain all the facts. And Your Honor, I seem out of time. If I may address, I realize I forgot to address the second half of Judge Strange's question. So in terms of, you mentioned, Your Honor, that it would be unfair for courts to find facts based in a plea agreement or a sentencing where a defendant has no reason to disagree with them. And that's exactly right, Your Honor. And that's why the Supreme Court has said, in Nijelhan, we can't limit a factual question to these documents because they're notice documents for elements. It would be a huge disadvantage to defendants, inequitable, potentially a due process issue, if this court says, listen, we're only going to rely on the facts that you just happen to agree to in a plea agreement. That's why the Supreme Court said, no, you can't look at facts, period, full stop, when looking at Shepard-Taylor documents for Shepard-Taylor analysis. You can only look at elements because the defendant won't care if he changes his mind on certain facts. That's why the court can't be limited to Shepard-Taylor documents. It leads to this tremendous inequity to a defendant because if you don't allow a court to use its plenary authority, as it has for years. I'm just struggling with that because the other way to eliminate that problem is to say a document like the one that your opposing counsel argues this bill of particulars is to not allow that to come in. Because then you don't have an argument against that defendant that that defendant is unable to defend against. All you can put in the record are those things that he necessarily admitted under the conviction or testified and agreed to in the plea, Shepard documents. Go ahead. Your Honor, the issue with that is that there are almost no elements that will list necessary facts. For instance, a date is not an element, so that doesn't count. There are almost no elements for any crime that would list the necessary facts. First off, you can't use dates. The only crimes that I'm aware of that would list a place would be arson or burglary. That would be essentially abdicating this court's requirement, its mandate from Congress to determine different occasions. Because unless it's an arson or burglary conviction where it happens to list the exact addresses, you can't know. And beyond that, Your Honor. Well, if it's a plea agreement. But again, may I? That goes, again, Your Honor, the Supreme Court said you can't look at facts in a plea agreement to determine Shepard-Taylor analysis. It says that most recently in Mathis, it says that is inequitable because we only care about elements here. In a plea agreement, a prosecutor could put a number of facts in there. All that matters is that for legal purposes is that the defendant admits to the elements of the offense. That's why in Nijelhan, the court said you can't limit courts to Shepard-Taylor documents when making a factual determination that will ultimately result in a statutory enhancement. So even though it results in a statutory enhancement, in that case, it was determining a loss amount in the immigration context. The court said, listen, there's no way to tell a loss amount looking at elements. It's impossible. And Shepard-Taylor documents will oftentimes not have that necessary information. So the courts will be abdicating its authority, its requirement under Congress to find these facts. Courts have been doing this day in and day out for years. And you're right, Your Honor, there are sister circuits that say otherwise. So counsel, as a practical matter, and you're right, that's the question that I was asking before. How do you even assume it is in the indictment? I mean, it's not an element, but as a practical matter, a judge gets a list of what, 99% of the time, you don't have three on the same day. And so, but the court is relying on that. And that type of determination comes within the exception for prior convictions. And we just rely on the judicial record, the entry of the, okay. So, but there's something qualitatively different about this question. And I agree with you that the answer is not clear, but the qualitative difference is that it goes beyond the fact of the conviction because there's the fact of the three convictions and the indictments don't answer the question, whether they were on separate occasions. And so somebody has to make a determination and then you start butting into the other line of cases and what is your, what are you, I know that these cases talk about not relying on facts. So, but what is where, what is the case that most supports coming to the conclusion that it doesn't matter that the result of your approach is that a judge is going back and looking at the actual facts of the commission of the prior offenses to determine whether they were on different occasions? Yes, Your Honor. And I will endeavor to do my best to answer succinctly since I'm out of time, but as you noted, it is a complicated question. I'd like to have time to give the best answer I can. So here's the issue in terms of what this court should look to. You should look to, you know, first there's Thomas and again, you're right. Shepard, DeCamps, they're later in time, but so is Nijwahan, which says, listen, you're not, you're not, courts are not limited by making a factual determination when making this type of a factual inquiry that will result in a statutory enhancement. It's a totally different thing. Then, Your Honor, if anything, these cases, Shepard, DeCamps, Mathis, they all are in favor of our position because DeCamps said the key we emphasize is elements, not facts. And again, in Nijwahan, they said you can't limit to Shepard Taylor documents in a case where you have to make a factual inquiry because it's going to do a bad job. An indictment is a notice document. No fact in there has any legal effect. It's only designed to tell the defendant the elements of the offense to which he has been charged by grand jury. So, and again, the date, as you know, Your Honor, is not an element. And so beyond that, Your Honor, in terms of what are the cases to look to, Bergen. There's a lot of documents where the defendant could admit those facts. He could make an admission, Your Honor, but again, he could admit those facts, but the Supreme Court said, and again, that's why these cases ultimately go in favor of our position. Supreme Court said they're not going to care what they're admitting to at a plea because they're admitting to a plea to get a certain type of a deal. That's what the Supreme Court cares about. And so, I mean, it's a defendant could make some, any kind of an admission, the Supreme Court says. And it, it's something that has to be suspect, which is why sentencing judges need to have the ability to look further than notice documents and elements focused documents for making that determination. That's the default rule in this country under all jurisdictions. Shepard Taylor analysis is an exception for a legal analysis. In terms of, Your Honor, what, when it's budding against the legal analysis side of the case, Your Honor, you are correct that a different occasion's inquiry is closer to that line than the mere fact that the conviction happened before under Elmendarez-Torres. That said, this court already has a published decision, Bergen's, and it's been followed consistently. And also, again, it is the opinion of every circuit that I can find. The one on 10th circuit, Michelle, a little bit later on says it's hardly anomalous to require that they also determine the who, what, when, and wherever prior conviction. And so the different occasions requirement falls safely within the range of facts traditionally found by judges at sentencing. Yeah. But as Judge Michelson said, it's, um, yes, it is a fact for the judge to decide it's sentencing. In other words, you don't need the jury to decide, but you, you, you still run into the question. What can you look at? Yes, Your Honor. Ultimately, just to conclude, uh, what this court, the defendant would need this court to do to reach the decision he wants would be to essentially overrule Thomas, Bergen, and Jones to reach his required result. This it's, you would require an en banc panel to do that beyond anything else. And Your Honor, that it stands in the face of the law and the facts and how the courts have operated for years without issue and Your Honor, you noted. Counsel, your time's up, but I have one question. Why don't we have, um, a plea colloquy from when these pleas were entered? So the reason there is no plea colloquy here, Your Honor, my understanding and both the, the federal agent and the pretrial services tried to look for it. It's just, there's just a poor record keeping at the, uh, the county level. And so Your Honor, again, in 99 out of a hundred cases, this does not come up. It would not lead to any sort of judicial economy issue. Judges can and have relied upon facts outside of this issue. This court should follow the precedents in this circuit. Analysis, and then Your Honor, thank you. May it please the court. What we see out of the, out of the U.S. Supreme court in his decisions, starting with Taylor and coming down is a consistency and I know that, and I said it in my brief and I started out with this, that the decisions that we're talking about deal with the elements of the offense, but there's a consistency in the application of how we get to those elements. You're limited to a certain number of documents that allows you to look to the elements. What the government has argued here today is that we're going to go beyond that. In other words, and as I think the court has indicated, we're going to create many to bring in witnesses. We're going to allow the defendant to testify. We're going to, and in this case, I think the convictions go back 20 or 30 years. I mean, it's a long ways back and that's the look back that we're looking at. And I don't, and the U.S. Supreme court in its consistent application of what are we going to look at has been across the board saying, look, you can look at the judicial documents, you can look at the transcripts, that's where we're going. But to go any farther than that, and they had the opportunity in discounts to go, look, we're going to, we're going to do a factual analysis to determine the elements and they said, no. Could you envision a situation in federal court, defendant is charged with felon in possession, the government gives notice that they're going to seek the ACCA enhancement. Could that be part of the felon in possession trial where within the  defendant has three prior violent felonies on separate occasions? It's a factual determination judge on behalf of, and I'm just talking to you out loud, on behalf of the defendant, I would hate to see that happen because all of a sudden you're bringing everything bad in that happened in the past, you're having four trials within one because you're having a trial for the 924, then you're having the trial for the three previous convictions, the three robberies. And it becomes- Is that what the Supreme Court is saying we need to do and then have the jury make those findings? I don't think so. I don't think that's where the court is going. And I think, I'm sorry, that's, and I don't think that that's why we go beyond the documents that we have, because if we're doing that, even if we're creating a mini trial that the government has to prove by proponents of the evidence that this actually occurred- But counsel, the elements analysis is not a neat fit. And I think we know that the court doesn't require what Judge Michaelson just said, and that the judge, the sentencing judge is the one who decides whether these were on three different occasions, and then ultimately you get to the question of what you can look at, but it's not a neat fit because the other is an elements analysis and the timing just isn't an element. I understand that, but what the court has done, it has limited what documents can come in, and I think that that's what, in other words, this court could throw open the door and say, look, we're going to allow a factual-based determination to determine whether or not there was, the three convictions were other occasions, but I don't think that that's what the U.S. Supreme Court is trying to do by limiting the ACCA. In other words, you have limited amount of documents under the ACCA to make a determination of the elements. In Jones, the case that recently came out dealing with the residual clause, it's limiting the ACCA. It said, look, this residual clause is unduly vague, and so we're going to strike it. In other words, what they're doing is they're not expanding what can be done. They're limiting what can be done. And I don't think that this court would specifically need to overrule Thomas or the other cases because what the court can do is look at an intervening case because Thomas came out in 2000, the U.S. Supreme Court, and Shepard came out in 2004. This court can look to the U.S. Supreme Court decision and say, look, there's an intervening Supreme Court case law that came out, and therefore, we can base our decision on the U.S. Supreme Court as opposed to strictly relying on U.S. versus Thomas. The other case, the case that's closest that came out of this case most recently in 2014 was Barber, in which the court suggested that a reevaluation of Thomas was appropriate for consideration, and that's, I believe, why we're here. But in Barber, it had the court look to the element or strike that factual determination. In that case, they said, look, we can't make the determination based upon what's in front of us, the documents in front of us. Therefore, he's not going to be an ACCA, the 15-year mandatory doesn't apply. There's going to be those cases where you can't establish the other occasions enhancement based upon the documents that are in front of you. It's the reality. It's simply a bright-line rule. It's simply a bright-line rule. It enables the court to go forward, and if the Shepard documents are ambiguous, then there's no enhancement. Everybody knows what the playing field is, and everybody has to play on the same field. I think that that's what the role of this court is, is to give everybody notice this is the rules. This is what you go by. Thank you, Your Honor. I appreciate it. I'm sorry. Any questions? Okay. Thank you. The case will be submitted.